

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable W. B. Baker
County Attorney
Coleman County
Coleman, Texas

Dear Sir:

Opinion No. O-1844
Re: Must the local board re-
establish the White Chapel
Elementary School District,
and would the county board of
school trustees have any auth-
ority in the matter?

We are in receipt of your letter of August 19, 1939,
which reads as follows:

"Centennial Rural High School District contained
four elementary districts. By authority of Article
2922F of the school laws of Texas, the following action
was taken by the County Board of School Trustees of
Coleman County, Texas on the 6th day of September,
1937. At this time the White Chapel elementary school
district had less than twenty scholastics in the seven
grades taught.

"In part the copy of the minutes of the Coleman
County School Board meeting of September 6, 1937 is
as follows: 'The question of consolidating two elementary
schools, Bowen and White Chapel of the Centennial Rural
High School District No. 2 came up for consideration.
Expressions were had regarding the matter from Mrs. Jennings,
Mrs. Brown, Mr. Hamilton, Mr. Pierce, Mr. R. R. Nixon,
and others. It was an unanimous belief of all that such a
grouping would greatly increase the efficiency of their
elementary school. So at the instance of the Bowen and
White Chapel School District and with the concurrance
of the Centennial School Board, the request asking con-
solidation of the two elementary schools for the
ensuing year was granted.'

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. W. S. Laker, #2.

"For the school year 1939-40 it seems there
will be 28 elementary pupils in the White Chapel
elementary school district. A number of the patrons
of this local elementary district desire to have their
elementary school reestablished. The school board does
not wish to do this, therefore I would like to have
your opinion as to whether this local board is obliged
to reestablish this school. Also, would the county
board of school trustees have any authority in the
matter?"

A careful search of the statutes relating to rural high
school districts does not reveal any provision expressly requiring
that elementary schools within the rural high school district must
be reestablished after they have been discontinued or consolidated.

Article 2922f, Revised Civil Statutes, 1925, provides as
follows:

"The county board of school trustees shall not have
the authority to abolish or consolidate any elementary
school district already established except upon the vote
of a majority of the qualified electors residing in such
elementary district; provided that when any school with-
in an elementary district fails to have an average daily
attendance the preceding year of at least twenty pupils
it may be discontinued by the board of trustees of said
rural high school district, and said district may be con-
solidated by the county board of school trustees with
some other district or districts for elementary school
purposes; provided that if there is more than one white
or one colored school in such elementary school district
the board of trustees of the said rural high school dis-
tricts or an independent district, as the case may be,
may consolidate such white or colored schools of the
elementary district; and provided that the board of trustees
of a rural high school district may transfer the pupils
of one elementary district to another within the rural
high school district, when the transfer is made from an
elementary district of lower classification to one of
higher classification; and provided further that the board
of trustees of a rural high school district may transfer
pupils from an elementary district to any other elementary
district within the rural high school district upon appli-
cation of the parents or guardian of the said pupils.

Hon. . . . Baker, #3.

"Whenever one or more common school districts
are annexed to a common school district or to an
independent district under the provisions of Section 1,
such common or independent district shall maintain
elementary schools of such classification as the county
board may designate in each district so annexed, for the
same length of term provided for the schools of the
said common school district or independent district.
Provided such schools may be discontinued by the local
board of trustees when the average daily attendance of
any such schools for the preceding year is less than
twenty."

You do not state in your letter that the board of trustees
of the rural high school district ever discontinued the White Chapel
elementary school district but we assume such is the case since
the order of the county board recites that the purported consolida-
tion was with the concurrence of the rural high school board. You
will note that Article 2922f places the authority to discontinue
an elementary school in the board of trustees of the rural high
school district and not in the county board of school trustees.
The county board of school trustees is authorized to consolidate
such elementary districts under certain conditions with another
district for elementary school purposes, but in this connection we
call your attention to the order entered by the Coleman County
School Board which does not purport to consolidate the two elemen-
tary schools except "for the ensuing year."

In Chastain v. Mauldian (T. C. A. 1930) 32 S. W. (2d)
235, the court tacitly approved an agreement that an elementary
school would be reestablished or resumed under certain conditions,
however, in that case the average attendance during the last
preceding session was as much or more than twenty elementary pupils.
We call this to your attention inasmuch as it is possible that some
such agreement might have been made with reference to the White
Chapel elementary school in view of the wording of the minutes of
the county school board.

The power of the board of trustees of the rural district
to discontinue an elementary school is not dependent upon the possi-
bility of how many elementary pupils there will be in the school
district for the current year but it is provided that "when any
school within any elementary district fails to have an average
daily attendance the preceding year of at least twenty pupils it may
be discontinued by the board of trustees of said rural high school
district."

Hon. W. B. Baker, #4.

Based upon the facts as submitted by you, it is our opinion that the local board of the rural high school district is not required to reestablish the White Chapel Elementary School District for the school year 1939-40.

We are further of the opinion that the county board of school trustees is not authorized to reestablish an elementary school within a rural high school district where the board of trustees of said rural high school district has discontinued such elementary school as provided by law.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Cecil C. Cammack*

Cecil C. Cammack
Assistant

CCC:N      APPROVED AUG 31, 1939

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY *BWB*
CHAIRMAN